### Ruby L. Winn, Appellee, v. Chauncey Keep et al., Appellants.

### Gen. No. 22,372.

NEGLIGENCE, § 187*—*when evidence insufficient to show that difference in floor levels was proximate cause of injury to person struck by swinging door.* In an action for personal injuries alleged to have been caused by the faulty construction of defendant's building in that the floor level of a room opening on a corridor was seven and one-half inches above the corridor level, whereby plaintiff was injured while passing along the corridor through the violent opening of the room door, the violence of such opening being claimed to have been due to the difference in the floor levels, the evidence examined and *held* insufficient to show that the difference in the floor levels was the proximate cause of the accident.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 29, 1917.

H. L. HOWARD, for appellants.

CHARLES C. SPENCER and CHARLES M. HAFT, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment for $6,500, entered in favor of appellee (plaintiff below), for injuries sustained while in defendants' building.

Plaintiff was employed as a bookkeeper by certain tenants who occupied offices in the Merchants Loan & Trust building in the City of Chicago. At the time of the accident she was going from the office in which she was employed to drop a letter into the mail chute, and, while doing so, she was struck by a door leading to a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

men's toilet, which was suddenly and violently opened by one Greinler, causing the injuries compained of.

The floor of the said men's toilet room was about seven and one-half inches above the level of the corridor through which plaintiff was passing at the time she was struck, and it came up flush with the door, so that when the door was closed the elevation or step could not be seen from either side of the door.

At the close of plaintiff's case, defendants moved the court to direct a verdict in their favor. The court denied said motion, and defendants having elected to stand by it, the cause was submitted to the jury on plaintiff's case alone.

There were six counts in the declaration, but the only negligence charged and relied upon at the hearing was the alleged faulty construction of the building in that the floor level of the men's toilet room was seven and one-half inches higher than the floor level of the corridor. And it is argued that the step in question would cause any one who opened the said door from the inside to lurch forward as he advanced into the corridor, throwing his entire weight against the door and opening it with great force and violence.

Numerous grounds are urged by defendants for a reversal of the judgment, only one of which we deem it necessary to consider, as that is vital to plaintiff's right to a recovery, viz.: Is there any evidence in the record which fairly tends to show that the alleged faulty construction of the building in question was the proximate cause of the injuries to the plaintiff?

The only testimony in the record bearing on this question is that of the plaintiff herself, who testified in part as follows:

"I went down the hall to mail a letter. * * * As I was going to the mail chute, this door violently flew open, striking me on the side and throwing me across the hall, to the other side of the marble hall. * * * This door that flew open is a large, plain, mahogany

door.   \*   \*   \*   Up to the time of the accident I did not know what the room was that this door led to. The man that came through the door stood there and looked at me a while after I fell,   \*   \*   \*   and then the elevator man took this man that knocked me down, and they both went down.   \*   \*   \*   The door struck me right through here (indicating).   \*   \*   \*   When a person was on the inside, he can see no step. On the outside you cannot see any step.   \*   \*   \*   The door came flush up to the rise.   \*   \*   \*   Up to this time I did not know that this man was in the water-closet.''

In our opinion, the foregoing testimony fails to prove, either directly or inferentially, that the toilet room step had anything whatever to do with the accident in question. There is no evidence in the record even tending to show that the violent manner in which the said door was opened was in any way attributable to the difference in the floor levels of the corridor and the men's toilet room.

While plaintiff strenuously insists that the violent opening of said door was due to the step from the higher to the lower level, yet such argument is based entirely upon conjecture, for there is no evidence in the record from which such a conclusion might be reasonably drawn. For aught that the record shows, the opening of the door in the manner described may have been due entirely to the negligence of the said Greinler, in which event clearly defendants would not be liable for such misconduct.

Viewing the evidence in a light most favorable to the plaintiff and giving due consideration to all inferences that reasonably flow therefrom, it cannot be said that there is any causal connection shown to have existed between the accident in question and the construction of defendants' building.

The judgment will therefore be reversed; and in order to afford plaintiff an opportunity to make additional proof, if any she has, the cause will be remanded for a new trial.

*Reversed and remanded.*